```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
           COLUMBIA DIVISION
```

| | |
|---|---|
| South Capital Group, Inc., ) | |
| ) | Civil Action No. 3:12-289-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Town of Blythewood; Edwin B. Garrison; ) | |
| Crescent Hills Partners, LLC; Crescent ) | |
| Partners SRES, LLC; and John Does 1 ) | |
| through 10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On December 19, 2011, Plaintiff South Capital Group, Inc., filed an action in the Court of Common Pleas for Richland County, South Carolina, against Defendants Town of Blythewood ("Blythewood"); Edwin B. Garrison ("Garrison"); Crescent Hills Partners, LLC ("Crescent Hills"); Crescent Partners SRES, LCC ("Crescent Partners"); and John Does 1 through 10. ECF No. 1-1. Plaintiff asserted claims for civil conspiracy, tortious interference with contract, and negligence. *Id.* at 9-12. Plaintiff also asserted a 42 U.S.C. § 1983 claim for violation of its Fifth and Fourteenth Amendment due process rights, as well as a free-standing claim of denial of due process and equal protection under the U.S. Constitution and the South Carolina Constitution. *Id.* at 13-14. On January 31, 2012, Defendants removed the case to this court based on federal question jurisdiction. On February 29, 2012, Plaintiff moved to remand only its state tort law claims to state court. ECF No. 16 at 4. On March 19, 2012, Defendants filed a response in opposition. ECF No. 24. On March 29, 2012, Plaintiff filed a reply. ECF No. 25.

## **STANDARD OF REVIEW**

A defendant may remove to the federal district court any civil action brought in a State court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Furthermore, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law," if it "substantially predominates over the claim or claims over which the district court has original jurisdiction," if "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). If a removed civil action includes a claim within the federal question jurisdiction of the district court as well as one or more claims not within the original or supplemental jurisdiction of the district court, the latter claims must be severed and remanded to state court. 28 U.S.C. § 1441(c).

## **DISCUSSION**

Plaintiff notes that the state of South Carolina and its political subdivisions are liable for torts only within the limitations established by the South Carolina Tort Claims Act ("SCTCA"). *See* S. C. Code § 15-78-20(a). Plaintiff further notes that the SCTCA waives the state's sovereign immunity only as to suits brought in South Carolina state court and does not waive Eleventh Amendment immunity to suit in federal court. *See id.* § 15-78-20(e). Accordingly, Plaintiff argues that because its tort claims against Blythewood and Garrison are suits against a

2

political subdivision and its employee, they must be remanded to state court. However, by voluntarily removing this case to federal court, Defendants have waived any argument that they are immune to suit in federal court. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002). Because Defendants remain liable under the SCTCA to the same extent they would be liable in state court, Plaintiff's argument is without merit.

Plaintiff also appears to argue that its claims against Crescent Hills and/or Crescent Partners should be remanded because Plaintiff asserts no federal claims against them. ECF No. 16 at 4. However, it appears that all of the claims asserted in Plaintiff's complaint deal with the same case or controversy. Furthermore, Plaintiff has identified no countervailing reasons why this court should decline to exercise supplemental jurisdiction over all of its state law claims. This court finds it appropriate to exercise supplemental jurisdiction over all of Plaintiff's state law claims, and accordingly declines to sever and remand any claims.

## **CONCLUSION**

Plaintiff's motion to remand is denied. Because Plaintiff has expressed in its briefings a desire to amend its complaint to provide additional detail and specificity, and because Defendant Garrison has moved for a more definite statement by Plaintiff, the court grants Plaintiff leave to file an amended complaint within twenty-one days of the filing of this order.

**IT IS ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

Columbia, South Carolina
May 3, 2012